2008 NOV -4 PM 2:22

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| BAHAMAS SALES ASSOCIATE, LLC ) | CIVIL ACTION FILE |
| Plaintiff, ) | CASE NO. 3:08-CV-1062-J-25MCR |
| vs. ) | |
| DARRYL WILLIS, ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Bahamas Sales Associate, LLC ("BSA"), a Delaware corporation with its principle place of business in Florida, hereby serves its Complaint suing Darryl Willis, a citizen of California, and alleges as follows:

### THE PARTIES

1. BSA is a corporation organized and existing under the laws of the State of Delaware. BSA's primary office is at 1 Hammock Beach Parkway, Palm Coast, Florida 32137.

2. Defendant Darryl Willis is a citizen of California domiciled at 24672 San Juan Avenue, Suite 204, Dana Point, California 92629.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action on the basis of diversity of citizenship under 28 U.S.C. § 1332. BSA is a citizen of Delaware and Florida. Defendant is a citizen of California. The amount in controversy exceeds $75,000.00.

2320884 v01

4. Defendant is subject to personal jurisdiction in this Court through contractual consent in an Adjustable Rate Balloon Note (the "Note") that is the subject of this Complaint. Specifically, the Note states that the parties "irrevocably consent to an confer personal jurisdiction on the courts of the State of Florida or of the United States located within the State of Florida and expressly waive any objections as to venue in any such courts." Additionally, the State of Florida has minimum contacts with Defendant by virtue of the Note being payable in the State of Florida. This Court also has long arm jurisdiction pursuant to Fla. Stat. § 48.193(g) by breaching a contract in Florida and by failing to perform acts required by the contract to be performed in Florida; specifically, failing to make payments in Florida as required by the Note.

5. Venue is proper under 28 U.S.C. § 1391(a) because BSA is a resident of Flagler County, Florida, which is within the boundaries of the Jacksonville Division of the Middle District of Florida.

## THE NOTE

6. Defendant is the purchaser of real property located in Freeport, Grand Bahamas. The purchase was closed on March 15, 2007.

7. The purchase was funded via a loan from BSA to Defendant, which loan is evidenced by the Note dated March 15, 2007. A copy of the Note is attached hereto as Exhibit A.

8. The Note provides "in return for a loan that I have received, I promise to pay U.S. $585,396.00 (this amount called "Principle"), plus interest, to the order of the Lender. The Lender is Bahamas Sales Associate, LLC."

9. With regard to payments, Defendant agreed: "I will make my monthly payments at ONE HAMMOCK BEACH PARKWAY, PALM COAST, FL 32137." (Caps original).

10. The Note provided that interest would be charged on a yearly rate of 8.625%, which was subject to adjustment on an annual basis pursuant to the terms of the Note.

11. The Note provided that Defendant would pay interest on the first day of each month, beginning May 1, 2007.

12. The Maturity Date of the Note when all principle would be due was set for April 1, 2012.

13. The initial monthly payment on the Note was set at $4,207.53, subject to change as provided in the Note.

14. Late fees for payments made after the 15th of each month is set in the Note at 5% of the overdue monthly payment. Thus, the late fee for any payment of $4,207.53 was $210.38.

15. As of the date of this complaint, the monthly payment is $3,231.87 and any resulting late fees are $161.59.

16. Defendant has ceased making any payments on the Note, whether principle, interest, or late fees.

17. As of November 1, 2008, the outstanding balance of the Note, including principle, interest and late fees is $616,800.05, which balance continues to increase on a monthly basis.

2320884 v01

18. All conditions precedent to bringing this action have been performed, waived or excused.

## COUNT I:
## BREACH OF CONRACT TO REPAY LOAN

19. BSA realleges and incorporates paragraphs 1 through 18 as if fully stated herein.

20. BSA and Defendant voluntarily and with full authority and capacity mutually assented to and entered into the Note.

21. The Note provided for the exchange of complete and valid consideration. Specifically, BSA loaned funds to Defendant, and Defendant promised to repay the loan with interest as stated in the Note.

22. Defendant has defaulted on his obligation to make ongoing payments on the Note.

23. As a result of such default, Defendants is in breach of the Note.

24. BSA is damaged by Defendants breach of the Note, including out of pocket losses, collection fees, and interest.

25. Pursuant to Paragraph 7(C) of the Note, BSA provided the appropriate notice of default and intent to accelerate the balance of the Note, which notice was served more than 30 days prior to the filing of this complaint.

WHEREFORE, BSA prays that this Court enter judgment in its favor, including an award of actual damages, incidental and consequential damages, pre and post judgment interest, and such further relief as this Court deems just and proper.

2320884 v01

-5-

Date this 3rd day of November, 2008.

Respectfully submitted,

**MORRIS, MANNING & MARTIN, LLP**

_____
Lawrence H. Kunin
Florida Bar Number 050210
Counsel for Bahamas Sales Associate, LLC
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Ph: (404) 233-7000
Fax: (404) 365-9532
lkunin@mmmlaw.com